UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BLIGHT,

          Plaintiff,

                                         Case No. 07-14857

v.

                                         HON. MARIANNE O. BATTANI

TARGET CORPORATION,

          Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Target Corporation's ("Target") Motion for Reconsideration. (Doc. 35). In its motion, Target asks the Court to reconsider its opinion denying in part and granting in part Target's Motion for Summary Judgment. For the reasons discussed below, the Court **GRANTS** Target's Motion for Reconsideration.

This case involves Plaintiff Jill Blight's claims that Target retaliated against her as a result of her claim under the Worker's Disability Compensation Act of 1969 ("WDCA"). See M.C.L. § 418.301(11). The Court previously granted in part and denied in part Target's Motion for Summary Judgment of Blight's claims. In particular, the Court denied the motion only as it pertained to Blight's claim that Target retaliated against her by reducing her hours. The Court granted the motion for summary judgment as it pertained to Blight's other claims. Target argues in its Motion for Reconsideration that the Court was misled when it found that Plaintiff Jill Blight pleaded a retaliation claim

based on her hours being reduced that survived summary judgment.  In particular, Target contends that Blight's complaint failed to plead such a claim because it made no reference to a any reduction in her hours.

Pursuant to E.D. Mich. LR 7.1(g)(3), a movant may obtain relief through a motion for reconsideration if it demonstrates that (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case.  A "palpable defect" is an error "which is obvious, clear, unmistakable, manifest, or plain."  Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In essence, a plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  In addition, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).

In order to make out a *prima facie* case of retaliatory discrimination under the WDCA, the plaintiff must prove that (1) she asserted her right to workers' compensation benefits; (2) the defendant knew that the plaintiff asserted her right to workers' compensation benefits; (3) the plaintiff suffered some adverse employment action; and (4) there was a causal connection between the plaintiff's assertion of her right to workers' compensation benefits and the adverse action.  See Dortman v. ACO Hardware, Inc., 405 F.Supp.2d 812, 822 (E.D. Mich. 2005).

After a thorough review of the record, the Court has determined that Blight failed to plead a retaliation claim based on Target reducing her hours.  Although Blight argues in her response to Target's motion for Summary Judgment that Target retaliated against her by reducing her hours, her complaint makes no reference to any reduction of her hours.  Instead, her complaint only refers to her having been fired, terminated, or discharged by Target.  By not at least referring to the alleged reduction in her hours in her complaint, Blight's complaint failed to provide Target with any notice that she was claiming that Target retaliated against her by reducing her work hours.  Accordingly, her complaint failed to make out a claim of retaliation based upon such a reduction in her hours.  See Fed.R.Civ.P. 8(a)(2).  By ruling that this unpleaded claim survived summary judgment, the Court was misled by a palpable defect.  See Fleck, 177 F. Supp.2d at 624.  Accordingly, the Court **GRANTS** Target's Motion for Reconsideration.  Target's Motion for Summary Judgment is, thereby, **GRANTED** in its entirety.

    **IT IS SO ORDERED.**


    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE


DATED: May 13, 2009

**CERTIFICATE OF SERVICE**

    Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                                s/Bernadette M. Thebolt
                                                DEPUTY CLERK